SEALED PLAINTIFF # 1, Sealed Plaintiff # 2, and Sealed Plaintiff # 3, Plaintiffs–Appellees,

v.

William FARBER, both individually, and as the Chief of Police of the Village of St. Johnsville also known as Sealed Defendant # 1, Village of St. Johnsville, also known as Sealed Defendant # 2, and the St. Johnsville Police Department, also known as Sealed Defendant # 3, Defendants–Appellants.[1]

1. We direct the Clerk to correct the official caption as listed in this order.

No. 05–6658–cv.

United States Court of Appeals,
Second Circuit.

Jan. 9, 2007.

Elmer Robert Keach, III, Law Offices of Elmer R. Keach, III, PC (Kenneth P. Ray, Kenneth P. Ray, P.C., Utica, NY on the brief), Amsterdam, NY, for Plaintiffs–Appellees.

Thomas K. Murphy, Murphy, Burns, Barber & Murphy, LLP, Albany, New York, for Defendants–Appellants.

Present: Hon. ROSEMARY S. POOLER, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant William Farber, Chief of Police of the Village of St. Johnsville, appeals from the August 9, 2005 decision of the United States District Court for the Northern District of New York (Hurd, J.), denying his motion for summary judgment based on qualified immunity grounds. We assume the parties' familiarity with the underlying facts and the procedural history of this case.

Reviewing the denial of summary judgment *de novo, see Savino v. City of New York,* 331 F.3d 63, 71 (2d Cir.2003), we agree with the district court that a person's status as a juvenile sex abuse victim is clearly the type of "highly personal" information that we have long recognized as protected by the Constitution from governmental dissemination absent a substantial government interest in disclosure. *Barry v. City of New York,* 712 F.2d 1554, 1562 (2d Cir.1983); *see also Doe v. City of New York,* 15 F.3d 264, 267 (2d Cir.1994) (finding "a right to privacy protecting the individual interest in avoiding disclosure of personal matters") (internal quotation marks and citation omitted); *Powell v. Schriver,* 175 F.3d 107, 111 (2d Cir.1999) (finding right to confidentiality as at a person's transsexualism because that status "is likely to provoke both an intense desire to preserve one's ... confidentiality, as well as provoke hostility and intolerance from others"). Indeed, this precedent makes clear that plaintiffs' rights were constitutionally protected in August 2001 when the events giving rise to this lawsuit transpired.[2]

A violation of the Fourteenth Amendment's due process clause in the context here requires that Farber's conduct "shock the conscience." *County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). And while Farber correctly asserts that merely negligent conduct does not meet this test, *see Daniels v. Williams,* 474 U.S. 327, 334, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), plaintiffs' complaint, contrary to Farber's contentions, clearly alleges that Farber acted either intentionally or with deliberate indifference in his handling of the evidence bag—levels of conduct that may give rise to a constitutional violation here. *Pabon v. Wright,* 459 F.3d 241, 250 (2d Cir.2006)

---

2. Although we agree with Farber that the district court should not have based its determination here on the confidentiality provisions of New York Civil Rights Law section 50–b because a violation of that law does not necessarily give rise to a constitutional violation, *Rosenberg v. Martin,* 478 F.2d 520, 524 (2d Cir.1973) (Friendly, J.), the caselaw cited above amply demonstrates that the law was clearly established at the time the events described in the complaint occurred.

("[T]he requisite state of mind for action by an executive official to satisfy the 'shocks the conscious' test will vary according to the circumstances," and Supreme Court precedent "strongly suggests that in those circumstances when actual deliberation is possible, a showing of deliberate indifference will establish Fourteenth Amendment liability.").

Accepting, as we must, plaintiffs' versions of the facts on a summary judgment motion based on qualified immunity, *see Salim v. Proulx,* 93 F.3d 86, 89 (2d Cir. 1996), we cannot say in light of the above discussion that as a matter of law an objectively reasonable police officer would have believed his handling of the evidence bags would not have violated clearly-established law. As the district court correctly held, this, among other disputed facts, is ultimately a question for the jury. *See In re State Police Litig.,* 88 F.3d 111, 123 (2d Cir.1996).

For the reasons discussed above, the decision of the district court denying Farber's summary judgment motion based on qualified immunity is hereby AFFIRMED, and the Village of St. Johnsville's appeal is DISMISSED for lack of jurisdiction because it does not present issues "inextricably intertwined" with our qualified immunity analysis, *see, e.g., Jones v. Parmley,* 465 F.3d 46, 65 (2d Cir.2006).